**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:12-cv-66-FDW**
**(3:09-cr-39-FDW-6)**

| | | |
|---|---|---|
| **TAVARUS STURVIDANT,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or

Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Response to

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 10).  In his motion and

amended motion, Petitioner argues that his sentence was erroneously enhanced in light of United

States v. Simmons, 649 F.3d 237 (4th Cir. 2011).  As explained below, although Petitioner

waived his right to bring this challenge in his plea agreement, the Government has declined to

enforce this defense and is instead agreeing to relief in light of Simmons and Hicks v. Oklahoma,

447 U.S. 343 (1980).  Accordingly, the Government has requested that Petitioner's motion to

vacate his sentence be granted and that Petitioner be re-sentenced without application of a ten-

year mandatory minimum sentence.

## I.    BACKGROUND

Petitioner Tavarus Sturdivant was charged in a superseding bill of indictment, along with

fourteen others, with conspiracy to possess with intent to distribute at least fifty grams of crack

cocaine, 500 grams of cocaine, heroin, and 100 kilograms of marijuana, in violation of 21 U.S.C.

§ 846 (Count One); use of a communication facility, in violation of 21 U.S.C. § 843 (Count 22);

and possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841 (Count

36). (Criminal Case No. 3:09-cr-39-FDW-6, Doc. No. 114: Superseding Bill of Indictment).

Shortly after the indictment was returned, the Government filed an Information Pursuant to 21

U.S.C. § 851 noticing Petitioner's prior conviction in Mecklenburg County for possession with

intent to manufacture, sell, and deliver a schedule I controlled substance, for which he received a

term of imprisonment of six to eight months of imprisonment, suspended. (Id., Doc. No. 151:

Information to Establish Prior Conviction; Doc. No. 355 at ¶ 105: PSR).

Petitioner subsequently entered into a plea agreement with the Government in which he

agreed to plead guilty to Count One and admitted his involvement to conspiring to distribute 100

grams or more of heroin, five grams or more of crack, and other narcotic substances. (Id., Doc.

No. 146 at ¶ 1: Plea Agreement). In exchange, the Government agreed to dismiss the remaining

counts as to Petitioner and agreed not to file an additional § 851 notice that could have resulted

in mandatory life imprisonment. (Id. at ¶¶ 2-3). As part of the agreement, Petitioner also

acknowledged the statutory minimum sentence of ten years' imprisonment; agreed that the

amount of cocaine base foreseeable to him was 30 grams, that the amount of heroin foreseeable

to him was 685 grams, and that the amount of marijuana foreseeable to him was 209 kilograms;

and agreed to waive his rights to appeal or collaterally attack his sentence except for claims of

ineffective assistance of counsel or prosecutorial misconduct. (Id. at ¶¶ 8; 22).

After Petitioner entered his guilty plea, a United States Probation Officer prepared a Pre-

Sentence Investigation Report. (Id., Doc. No. 355: PSR). In the PSR, the probation officer

recounted the parties' agreed-upon drug amounts and recommended that those amounts yielded a

combined marijuana equivalency of 1,494 kilograms and an offense level of 32, which was reduced by two levels for involving cocaine base and one or more controlled substance. (Id. at ¶ 76). Accounting for acceptance of responsibility, Petitioner's total offense level was 27. (Id. at ¶ 84). The PSR also summarized Petitioner's criminal history, finding that he was a criminal history category IV. (Id. at ¶ 110). With a total offense level 27 and criminal history IV, Petitioner faced a guideline range of 100 to 125 months, but a statutory minimum sentence of ten years. (Id. at ¶¶ 144-45). Consistent with that mandatory minimum sentence, this Court sentenced Petitioner to ten years of imprisonment and entered the judgment on December 15, 2010. (Id., Doc. No. 525: Judgment).

Petitioner appealed, and the Fourth Circuit dismissed his appeal on November 15, 2011, in light of the appellate waiver contained in his plea agreement. (Id., Doc. No. 603: Order Dismissing Appeal). On February 3, 2012, Petitioner filed the instant, timely § 2255 motion, seeking relief from his § 851-enhanced mandatory minimum sentence in light of Simmons.[1] On November 6, 2013, the Court ordered the Government to respond to Petitioner's request for relief. (Doc. No. 8). The Government filed its Response on December 13, 2013. (Doc. No. 10).

## II.    STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the

---

[1] The Federal Defender of Western North Carolina made an appearance on Petitioner's behalf on April 2, 2013, to conduct a Simmons review, but the Federal Defender subsequently filed a motion to withdraw, which motion this Court granted on May 3, 2013. (Doc. Nos. 4; 5; 6).

record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III.    DISCUSSION

Here, the Court first observes that the Government is declining to enforce the post-conviction waiver contained in Petitioner's plea agreement.  Therefore, the Court may proceed to the merits of Petitioner's Simmons claim.  Section 851 of Title 21 provides for enhanced sentences based on any prior "felony drug offense."  21 U.S.C. § 851.  That term is defined in Section 802(44) as "an offense that is punishable by imprisonment for more than one year under [any state or federal law relating to narcotics or marijuana]."  In Simmons, the Fourth Circuit held than an offense qualifies as a "felony drug offense" for purposes of Section 841(b)(1) and is punishable by more than one year in prison only if the defendant could have received a sentence of more than one year in prison, overturning its earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the Fourth Circuit held that an offense is punishable by more than one year in prison as long as any defendant could receive a term of imprisonment of more than one year upon conviction for that offense.  Thus, for purposes of a qualifying predicate conviction under Section 841(b)(1), a prior conviction is not "punishable for a term exceeding one year" unless the defendant could have received a sentence of more than one year in prison under the North Carolina Structured Sentencing Act.  Furthermore, in Miller v. United States, 735 F.3d 141, 146 (4th Cir. 2013), the Fourth Circuit held that Simmons is retroactively applicable on collateral review.

Respondent further notes that, with respect to Petitioner's claim for relief in this proceeding, in Hicks v. Oklahoma, 447 U.S. 343 (1980), the Supreme Court held that the Due Process Clause is violated when the sentencing court is erroneously deprived of any discretion to sentence a defendant below an erroneously applied statutory mandatory minimum sentence.  Id.

4

at 346. Here, Petitioner's sentence was enhanced based on his prior conviction for possession with intent to manufacture, sell, and deliver a schedule I controlled substance, but, as set forth in the PSR, Petitioner could not have received a sentence of more than one year in prison for that offense. Therefore, under <u>Simmons</u>, Petitioner's prior conviction no longer qualifies as a "felony drug offense" because it was not punishable by more than one year in prison. Accordingly, Petitioner would not have faced a ten-year minimum sentence if it were not for the non-qualifying felony. Petitioner's otherwise applicable Guidelines range was 100 to 125 months of imprisonment, and, with no prior qualifying convictions, Petitioner would have faced a five-year mandatory minimum sentence. Respondent further states that because the application of a mandatory minimum deprived the Court of discretion to sentence Petitioner to a term of less than 120 months, the 120-month minimum was a violation of the Due Process Clause as established in <u>Hicks</u>. The Government, therefore, recommends that this Court resentence Petitioner without application of a 120-month mandatory minimum sentence.

This Court finds that because Respondent has declined to enforce the waiver in Petitioner's plea agreement and has requested that this Court re-sentence Petitioner, this Court will grant the motion to vacate as to Petitioner's <u>Simmons</u> claim. Petitioner shall be re-sentenced without application of the 120-month mandatory minimum.

IV.    **CONCLUSION**

For the reasons stated herein, the Court grants Petitioner's motion to vacate and orders resentencing as to Count One.

**IT IS, HEREBY, ORDERED** that:

(1)        Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **GRANTED**;

(2)        Petitioner shall be re-sentenced in accordance with this Order; and

(3)        The Clerk of Court will write the Defendant back to the Western District

of North Carolina for re-sentencing.

Signed: December 18, 2013

Frank D. Whitney
Chief United States District Judge